**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| v. ) | No. 2:08-cr-134-DBH |
| ) | |
| **HORACIO UFFRE, JR.,** ) | |
| ) | |
| **Defendant** ) | |

**ORDER ON MOTION TO APPOINT COUNSEL AND REDUCE SENTENCE**

The defendant Horatio Uffre has filed a motion for appointment of counsel and reduction of sentence under the retroactive and more lenient crack cocaine Guideline. Letter from Def. (Docket Item 51). Because he is unable to qualify under the new Guideline, the motion is **Denied**.

At his original sentencing, Uffre was held responsible for 3,643.15 grams of crack cocaine, 50 grams of cocaine powder, 450 grams of MDMA and 75 grams of heroin. These drugs were then converted into a total drug quantity of 73,173 kilograms of marijuana equivalent. At that time, that drug quantity resulted in a Base Offense Level of 38 (over 30,000 kilograms of marijuana). But Guideline § 2D1.1 comment n.10(D)(i) directed that two levels be subtracted because the quantity was based upon both crack cocaine and at least one other type of drug. The resulting Base Offense Level was adjusted to 36. Uffre also received a 2-level enhancement for possession of a dangerous weapon and a 3-level reduction for acceptance of responsibility, for a Total

Offense Level of 35. In combination with his Criminal History Category of I, Uffre's guideline range was 168-210 months.

Under the new Guideline and using the new conversion factor of 1 gram of crack cocaine equals 3,571 grams of marijuana, the drugs listed above result in a revised total drug quantity of 13,320 kilograms of marijuana equivalent, which is a Base Offense Level of 36 (10,000 to 30,000 kilograms of marijuana). But the previous 2-level reduction for the combination of crack cocaine and another drug is no longer available under the retroactive crack cocaine Guideline now that the offense levels have been reduced. As a result, the Base Offense Level remains 36, the same as determined at the initial sentence. Accordingly, Uffre's Total Offense Level and his guideline range remain unchanged, and Uffre does not qualify for a reduction under the amendment.

Uffre also received a sentence that varied from the Guidelines, but that fact has no impact because the Guideline range today is no different than that used at his initial sentencing.

**SO ORDERED.**

**DATED THIS 3RD DAY OF NOVEMBER, 2011**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**